848 P.2d 454

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Cary K. DUNLAP, Defendant–Appellant.**

**Cary K. DUNLAP, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

Nos. 18768, 19067.

Court of Appeals of Idaho.

March 8, 1993.

M. Lynn Dunlap, Jerome County Public Defender, Twin Falls, for appellant.

Larry EchoHawk, Atty. Gen., and Michael A. Henderson, Deputy Atty. Gen., argued, for respondent.

SWANSTROM, Judge.

As part of a plea agreement, Cary K. Dunlap entered a plea of guilty to grand theft, I.C. §§ 18–2403(4)(a), –2407(1)(b)(1), and to possession of a controlled substance with intent to deliver, I.C. § 37–2732(a). He was convicted and sentenced to consecutive terms of incarceration in the state penitentiary. Dunlap filed a direct appeal from the judgment of conviction for grand theft (Case No. 18768), claiming error in the admission of certain testimony at the preliminary hearing in this case and challenging the validity of his guilty plea.

Dunlap also filed a petition for post-conviction relief from the sentence imposed for possession of a controlled substance with intent to deliver. As a result of that petition, the district court corrected and reduced his sentence. Dunlap nevertheless has appealed from that decision (Case No. 19067), but because he has not raised any issues relative to the post-conviction relief proceedings, we affirm the district court's order entered January 8, 1991, in Case No. 19067. For reasons given below, we also affirm the judgment of conviction for grand theft in Case No. 18768.

The background facts are as follows. In May, 1988, Dunlap was arrested following a search of his residence in which the police seized a quantity of marijuana, drug paraphernalia and stolen firearms. At the time of his arrest, Dunlap apparently admitted to possession of the marijuana and paraphernalia. He also admitted to possession of firearms which he knew were stolen. A preliminary hearing was held on the grand theft charge, and Dunlap was bound over to the district court. He entered pleas of not guilty to all charges.

At the preliminary hearing on the grand theft charge, the state offered the testimony of Cindy Crawford, who had supplied the information upon which the search warrant for Dunlap's residence was based. The defense objected to Crawford's testimony contending that it was privileged because she was Dunlap's wife. I.R.E. 504. However, she was permitted to testify at the preliminary hearing. Later, after he was arraigned in district court, Dunlap moved to suppress, in part, the information provided by Crawford at the preliminary hearing, again arguing that because of a marital privilege she was precluded from testifying against him in a criminal matter. At the close of the suppression hearing, the district judge advised counsel that he would reserve his ruling until the trial.

Dunlap failed to appear for trial, set on all charges for November 17, 1988, and a bench warrant was issued for his arrest. Approximately one year later, Dunlap was returned to the State of Idaho and was charged with the additional crime of "bail jumping." I.C. § 18–7401.

In March, 1990, Dunlap entered into a written plea agreement with the state un-

der I.C.R. 11. Dunlap changed his plea to guilty on the count of possession of marijuana with intent to deliver. He also pled guilty to the grand theft. In exchange for these pleas, the state dismissed all remaining drug charges, as well as the bail jumping charge. After sentencing he appealed.

The issues raised on appeal by Dunlap center on the testimony of Crawford at the preliminary hearing on the grand theft. Dunlap asserts first that it was error for the magistrate to admit Crawford's testimony at the preliminary hearing. Second, he asserts that because Crawford's testimony should not have been admitted, and because he pled guilty in light of that evidence presented by the state at the preliminary hearing, his plea of guilty was involuntary, and therefore invalid.

In support of his first contention, Dunlap argues that I.C. § 19-3002 provides that a spouse is incompetent as a witness for or against the other spouse in a criminal matter and that Crawford's testimony did not fall into one of the exceptions of I.C. § 19-3002. He also argues that a finding as to the marital status of Crawford and Dunlap, required by *State v. Riley*, 83 Idaho 346, 362 P.2d 1075 (1961), should have been made before Crawford was allowed to testify at the preliminary hearing.

■ In his brief, Dunlap excerpted part of Crawford's testimony stating that she considered herself to be Dunlap's common-law wife. The record furnished us on appeal, however, does not include a transcript of the preliminary hearing which resulted in a finding of probable cause sufficient to bind Dunlap over to the district court. An appellant bears the burden of supplying a record adequate to evaluate his claim of error. *State v. Chavez*, 120 Idaho 460, 816 P.2d 1017 (Ct.App.1991). We will not presume error on appeal. *State v. Phillips*, 118 Idaho 27, 29, 794 P.2d 297, 299 (Ct.App.1990). Because we are unable to review the substance of testimony or the evidentiary rulings made at the preliminary hearing for the lack of a record, we are constrained to affirm the ruling of the magistrate at the preliminary hearing.

Dunlap next argues that his guilty plea was not voluntarily made because it was based on evidence against him—the testimony of Crawford—that he claims was admitted in error at the preliminary hearing. Dunlap points to the colloquy at the change of plea hearing, where the district judge inquired of Dunlap whether he had been present at the preliminary hearing and whether all of the evidence from the preliminary hearing, if presented at trial, would cause him to be found guilty. From this discussion, Dunlap contends that he pled guilty under the misperception that he should consider all of the evidence against him derived from the preliminary hearing, as opposed to only the admissible evidence.

■ A plea must be knowingly, intelligently and voluntarily made in order for it to be effective. *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976). Here, we must decide whether Dunlap's plea was involuntary. Voluntariness is determined by considering all of the relevant surrounding circumstances contained in the record. *Id.*, citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

■ Dunlap's guilty plea was entered some twenty months after the preliminary hearing held on the grand theft. The change of plea hearing began with a recitation of the plea agreement into the record, with which the parties concurred. The court advised Dunlap that there had been no agreement as to sentence and specified the maximum prescribed sentences on each of the offenses to which Dunlap intended to plead guilty. The court informed Dunlap of his rights, and the consequences of waiving those rights by pleading guilty. The court then questioned Dunlap about whether anyone had threatened him, made promises to him or encouraged him to plead guilty, which Dunlap denied. Finally, the court inquired whether the evidence that had come in at the preliminary hearing played a part in Dunlap's decision to plead guilty.

There is nothing in the record to show that Dunlap's plea was in any way coerced or otherwise constitutionally defective. Furthermore, the factual basis for a guilty plea may be determined from the complete record, including the preliminary hearing. *State v. Carrasco*, 114 Idaho 348, 757 P.2d 211 (Ct.App.1988), *rev'd on other grounds*, 117 Idaho 295, 787 P.2d 281 (1988). We conclude that the district judge's reference to the evidence from the preliminary hearing was not error and did not operate to render Dunlap's plea involuntary.

Dunlap's guilty plea was not a "conditional plea" within the meaning of I.C.R. 11(a)(2) so as to preserve his right to have the suppression issue reviewed on appeal. The plea was not in the nature of an *Alford* plea, as suggested by Dunlap's citation to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), in his argument, nor had Dunlap filed a motion to withdraw his guilty plea in the district court. Although Dunlap had reasserted the error of the admission of Crawford's testimony in a motion to suppress to the district court, the court did not rule, but reserved its ruling until trial—a trial which never took place. Neither had he filed a motion to dismiss the probable cause determination reached by the magistrate at the preliminary hearing on the basis of testimony from his common-law wife, which Dunlap asserted should have been excluded. *See* I.C. § 19–815A; I.C.R. 12(f).

For reasons unknown to us, Dunlap abandoned his motion to suppress the testimony which the magistrate had ruled was admissible for purposes of the preliminary hearing. Rather than to press for a ruling by the district judge, Dunlap decided to plead guilty to two charges in exchange for the dismissal of all others pending. He did this voluntarily after being informed by the court that by pleading guilty he would waive all possible legal defenses he might have to the charge. From the record, his plea is shown to have been "knowingly" and "intelligently" made in the constitutional sense. *State v. Carrasco*, 117 Idaho 295, 298, 787 P.2d 281, 284 (1990).

It is well settled that a valid plea of guilty, voluntarily and understandingly given, waives all nonjurisdictional defects and defenses, whether constitutional or statutory, in prior proceedings. *State v. Fowler*, 105 Idaho 642, 643, 671 P.2d 1105, 1106 (Ct.App.1983). Having determined that Dunlap's plea was voluntarily and knowingly given, we hold that his beliefs as to the admissibility of Crawford's testimony at the preliminary hearing or trial become irrelevant.

In summary, we hold that Dunlap's plea of guilty was valid. Accordingly, we affirm the judgment of conviction for grand theft in Case No. 18768. As noted earlier, we also affirm the final post-conviction relief order in Case No. 19067.

WALTERS, C.J., and SILAK, Acting J., concur.