894 P.2d 134

**Cary K. DUNLAP, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 20777.**

Court of Appeals of Idaho.

March 1, 1995.

Petition for Review Denied May 23, 1995.

Cary K. Dunlap, pro se appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

Cary K. Dunlap appeals from the summary dismissal of his application for post-conviction relief. He contends that genuine issues of material fact precluded the granting of such a dismissal and that an evidentiary hearing is required to enable the district court to resolve these factual issues. With respect to one of Dunlap's claims, we agree that summary dismissal was improper. We therefore vacate the dismissal order in part and remand the case for further proceedings.

## I. FACTS AND PROCEDURAL BACKGROUND

Dunlap was charged in 1988 with one count of grand theft by possession of stolen property, one count of possession of a controlled substance, one count of possession of a controlled substance with intent to deliver and one count of manufacturing a controlled substance. These charges arose out of a search of Dunlap's residence pursuant to a warrant, during which substantial amounts of marijuana and hashish and a hashish processing machine were found. In addition, the police found a box containing stolen firearms in a storage shed adjacent to the residence.

The search warrant had been issued on the basis of information provided by Cindy Crawford, who was allegedly Dunlap's common-law wife. Dunlap's attorney filed a motion to suppress all of the physical evidence seized during the search, to suppress Dunlap's statements to the police following his arrest and to preclude Crawford's testimony at trial. Dunlap's attorney also sought dis-

missal of all charges on the ground of insufficiency of the evidence at the preliminary hearing. The basis of these motions was that Crawford, as Dunlap's common-law wife, was incompetent to testify against him and that her testimony at the preliminary hearing violated the privilege against disclosure of confidential marital communications. For the same reason, defense counsel argued, the warrant issued on the basis of information given by Crawford was invalid, and Dunlap's statements to police were "fruit of the poisonous tree." *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The district court conducted a hearing on the motions but reserved its ruling until the trial, which was set to begin several days later. Dunlap, however, absconded from the jurisdiction and failed to appear at trial. Over one year later Dunlap was returned to Idaho and, after plea negotiations, pleaded guilty to one count of grand theft by possession and one count of possession of a controlled substance with intent to deliver. The district court therefore never ruled upon Dunlap's suppression motion. Dunlap was sentenced to two concurrent terms of not less than five nor more than ten years' incarceration.

Dunlap appealed the judgment of conviction and also filed an application for postconviction relief which alleged that his sentence on the charge of possession of a controlled substance was illegal. The district court, in ruling on this first post-conviction application, granted relief and amended Dunlap's sentence for possession of a controlled substance to a term of confinement of not less than two nor more than five years. Dunlap appealed from this partial relief, and that appeal, as well as the direct appeal from Dunlap's conviction, was denied by this Court in a previous opinion, *State v. Dunlap,* 123 Idaho 396, 848 P.2d 454 (Ct.App.1993).

Acting pro se, Dunlap filed a second application for post-conviction relief which initiated the present action. This second application asserts numerous instances where his attorney in the criminal case allegedly rendered ineffective assistance and thereby caused Dunlap's guilty plea to be involuntary. Dunlap's second application also alleges that the attorney who represented him in filing the first post-conviction application provided ineffective assistance in that he ignored Dunlap's instruction to file a motion for withdrawal of the guilty plea and instead filed an application for post-conviction relief challenging only Dunlap's sentence.

The district court gave notice to Dunlap that the court intended to summarily dismiss his application within twenty days pursuant to I.C. § 19-4906(b). Dunlap then filed an amended application and supporting affidavits. After considering this amended application and documentation, the district court dismissed the application without an evidentiary hearing.

## II. STANDARD OF REVIEW

An action for post-conviction relief is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983). The burden is cast upon the applicant to prove his or her allegations by a preponderance of the evidence. I.C.R. 57(c); *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). Summary dismissal of an application pursuant to I.C. § 19-4906(b) is the equivalent of summary judgment under I.R.C.P. 56. *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). To avoid summary dismissal, the applicant must present facts showing he is entitled to relief, and this presentation must be made in the form of competent, admissible evidence, *Paradis v. State,* 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *Roman v. State,* 125 Idaho 644, 873 P.2d 898 (Ct.App.1994). On appeal from the summary dismissal of a post-conviction application, we examine the entire record and construe all factual allegations in favor of the applicant to determine if a genuine issue of material fact exists which, if resolved in the applicant's favor, would entitle him to the requested relief. *Noel v. State,* 113 Idaho 92, 94, 741 P.2d 728, 730 (Ct.App.1987). Although the applicant's uncontroverted factual allegations are assumed to be true, we do not give evidentiary value to mere conclusory allegations that are unsupported by admissible evidence. *Phillips v. State,* 108 Idaho 405, 407, 700 P.2d 27, 29

(1985); *Roman,* 125 Idaho at 647, 873 P.2d at 901.

Dunlap alleges that he received ineffective assistance of counsel during the process of determining whether to plead guilty. In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court defined the appropriate analysis for a claim of ineffective assistance of counsel following a guilty plea. First, the criminal defendant must show that his or her counsel's performance "fell below an objective standard of reasonableness." *Hill,* 474 U.S. at 57, 106 S.Ct. at 369. Second, the defendant must demonstrate that prejudice resulted from counsel's deficient performance by showing that, "there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370. The Court noted that this latter inquiry will often turn upon the likelihood that discovery of the defense or exculpatory evidence which was overlooked by counsel would have led counsel to change his recommendation as to the plea. This assessment, in turn, will largely depend upon whether the missed evidence or defense likely would have changed counsel's prediction as to the outcome of a trial. *Id.*

### III. ANALYSIS

As a preliminary matter we must address the State's contention that the dismissal of Dunlap's application should be affirmed because this was Dunlap's second application for post-conviction relief and successive applications are not permitted. Idaho Code § 19-4908 prohibits the filing of a second application for post-conviction relief unless the applicant shows sufficient reason why the issues could not have been raised in the prior application. While the State's assertion may have merit, we will not consider this defense to Dunlap's application because it was not asserted by the State until the present appeal. Dunlap points out that because the State did not assert this defense below, he had no occasion to make a record showing "sufficient reason" why his first application did not present the claims now asserted. He therefore argues that he will be prejudiced if

this Court considers the State's tardy presentation of this defense. This Court ordinarily will not address issues raised for the first time on appeal absent fundamental error or a defect in the subject matter jurisdiction of the presiding court. *State v. Sharp,* 101 Idaho 498, 503, 616 P.2d 1034, 1039 (1980). Accordingly, we will not consider the State's argument that this proceeding is barred by I.C. § 19-4908.

### A. MOTION TO SUPPRESS EVIDENCE BASED ON WIFE'S TESTIMONY

Dunlap asserts that his counsel rendered ineffective assistance during the plea negotiation phase of his criminal case because the attorney did not inform Dunlap that motions had been filed seeking to dismiss the information, to suppress the physical evidence seized pursuant to the warrant, and to suppress Cindy Crawford's preliminary hearing testimony and her expected trial testimony. Dunlap asserts that if he had known about these motions and their alleged likelihood of success, he would not have pleaded guilty. The motions in question apparently asserted (1) that the search warrant was invalid because it was based upon information from Crawford given in violation of the marital privilege under I.R.E. 504 and in violation of I.C. § 19-3002, which specifies that the spouse of the accused is not a competent witness in a criminal proceeding; and (2) that Crawford's preliminary hearing testimony and potential trial testimony were inadmissible for the same reasons.

■ Dunlap's arguments require that we examine the legal and factual basis of these motions to determine the probability that the motions would have been successful. *See Huck v. State,* 124 Idaho 155, 158–59, 857 P.2d 634, 637–38 (Ct.App.1993). We address first Dunlap's contention that Crawford's statements to the police providing the basis for the warrant, as well as her preliminary hearing and potential trial testimony, were subject to the spousal incompetency provisions of I.C. § 19-3002. In *State v. Martinez,* 125 Idaho 445, 872 P.2d 708 (1994), the Idaho Supreme Court held that the Idaho Rules of Evidence, specifically I.R.E. 601 and I.R.E. 1102, repealed I.C. § 19-3002. *Id.* at

450, 872 P.2d at 713. According to the Supreme Court's rationale, this repeal occurred when the Idaho Rules of Evidence became effective on July 1, 1985. Thus, although the *Martinez* decision was not issued until 1994, the spousal incompetency provision of I.C. § 19–3002 was ineffective when Dunlap pleaded guilty in 1990, and the statute would not have prevented the State's use of Crawford's testimony or other evidence.

■ Next, Dunlap asserts that the motion to suppress evidence found in the search was meritorious in that the search warrant was based upon confidential communications between Dunlap and his wife that were subject to the marital privilege under I.R.E. 504. Dunlap's argument fails for two reasons. First, Rule 504 is an evidentiary rule that governs only *testimony* given by one spouse against the other in an *action or proceeding*. It does not preclude one spouse from reporting the criminal activity of the other to police. Second, we find no evidence indicating that the information Crawford conveyed to the police prior to the issuance of search warrant was based upon privileged communications. In Crawford's written statement given to the sheriff's office there is no reference to any communication with Dunlap. For the most part, she related her personal observations of where certain items were located. Accordingly, Dunlap's attorney was not deficient for failing to pursue the motion to suppress the seized evidence on this basis.

■ One of the motions filed by Dunlap's attorney in the criminal case also asserted that admission of Crawford's testimony at the preliminary hearing had violated I.R.E. 504 and that the magistrate's finding of probable cause was therefore improper. Without Crawford's testimony, defense counsel argued, there would have been insufficient evidence to support the finding of probable cause, and the charges should have been dismissed. However, the preliminary hearing transcript, which was placed in evidence below, shows that Crawford's testimony was not based upon privileged communications. For testimony to be precluded by Rule 504, it must disclose a communication made in private with the intent that it remain confidential. Where a communication is made in the presence of a third party, it is not private, and the privilege is inapplicable. M. Clark, REPORT OF THE IDAHO STATE BAR EVIDENCE COMMITTEE, C. 504, at 8 (4th Supp.1985). Most of Crawford's preliminary hearing testimony relayed only her personal observations of Dunlap's activities and those of his associate, Guy Lemmons. On the two occasions when questions elicited testimony about Dunlap's statements to Crawford, Dunlap's attorney objected and the State was required to demonstrate that the privilege did not apply. In both instances the prosecutor elicited testimony from Crawford that, when the communications were made, Guy Lemmons was present and could overhear the conversation between Dunlap and Crawford. Therefore, Dunlap has not shown that evidence of any confidential marital communication was introduced at the preliminary hearing. We conclude that the motion challenging the admissibility of this testimony was without merit, and Dunlap's attorney was not ineffective for failing to pursue or advise Dunlap as to that aspect of the motion.

To the extent that Dunlap speculates that Crawford might have testified at trial to different matters that would have been subject to the privilege, we need not address such speculation. The admissible evidence adduced at the preliminary hearing heavily implicated Dunlap in both the possession of stolen property and trafficking in controlled substances. We fail to see how the possible suppression of additional potential testimony by Crawford would have affected Dunlap's decision to plead guilty in view of the quantity of evidence already presented against him. Dunlap's attorney was therefore not deficient in advising him to plead guilty without having pursued to completion the motion to suppress Crawford's prospective testimony about confidential marital communications.

## B. SUFFICIENCY OF WARRANT AFFIDAVIT

Dunlap next contends his attorney should have challenged the search warrant on the basis of deficiencies of the warrant affidavit. Dunlap first asserts that the affidavit supporting the police's request for a search war-

rant, sworn to by the investigating officer, was facially invalid because it did not include any evidence showing Crawford's veracity. Evidence of her trustworthiness was required, according to Dunlap, because she was the informant whose report to the police was the basis for the officer's statements in his affidavit.

■ A search warrant must be based upon probable cause to believe that evidence of, or contraband from, a crime is located at the premises to be searched. Probable cause is determined by examining the totality of the circumstances and making a "practical common-sense decision whether, given all the circumstances set forth in the affidavit before [the court], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). *See also State v. Chapple*, 124 Idaho 525, 527, 861 P.2d 95, 97 (Ct.App.1993). Where the warrant application is based in part upon information provided by an informant, factors supporting probable cause may include facts in the affidavit indicating the reliability of the informant and the basis of the informant's knowledge. *State v. Prestwich*, 110 Idaho 966, 968, 719 P.2d 1226, 1228 (1986); *Chapple*, 124 Idaho at 527, 861 P.2d at 97.

■ Where the person providing information is a "citizen informant," inclusion of his or her name and address in the warrant affidavit will, alone, be sufficient to show the informant's veracity and reliability. *State v. O'Bryan*, 96 Idaho 548, 552, 531 P.2d 1193, 1197 (1975). However, where the informant is part of the "criminal milieu" more information is necessary. *See State v. Villagran*, 294 Or. 404, 657 P.2d 1223, 1226–27 (1983); 1 Wayne R. LaFave and Joshua H. Israel, CRIMINAL PROCEDURE § 3.3(c), at 192 (1984). This further evidence of veracity and reliability may be provided by the informant's acknowledgement that he or she has participated in criminal activity.

People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions.

Admissions of crime, like admissions against proprietary interest, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a "break" does not eliminate the residual risk and opprobrium of having admitted criminal conduct.

*United States v. Harris*, 403 U.S. 573, 583–84, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723 (1971). If the informant is identified in the warrant affidavit, the 'risk and opprobrium' from acknowledgement of criminal conduct is correspondingly greater, and thus the hearsay assertions of the known informant may be given more credibility. *People v. Trontell*, 188 Colo. 253, 533 P.2d 1124 (1975); 1 Wayne R. LaFave and Joshua H. Israel, CRIMINAL PROCEDURE § 3.3(c), at 197 (1984). Although such admissions may not always be dispositive of the reliability and credibility of the informant, *Harris*, 403 U.S. at 584, 91 S.Ct. at 2082, when coupled with other indicia of reliability in the affidavit, they will support a finding of probable cause.

■ Here the affidavit of the investigating officer identified Cindy Crawford as the source of the information. Crawford stated that she had been in the residence on the same day that the warrant was sought. Crawford described with some degree of particularity where both marijuana and hashish were located in the residence and admitted that she knew what marijuana and hashish looked like because she had used both in the past. The affidavit states that Crawford had seen a "hash machine," a device used to process marijuana into hashish, in a storage shed adjacent to Dunlap's residence. Crawford also indicated that in the storage shed could be found "foil" that had been used in "cooking" cocaine. Crawford admitted that she had been present when the cooking had been done eight days earlier and had personally stored in a trailer house on the premises some foil that had been used for cooking cocaine. These admissions against penal interest by a person whose identity is disclosed in the affidavit give reason to believe that the informant is credible. The affidavit plainly expresses that Crawford's knowledge is based upon personal observation. Craw-

ford's level of particularized knowledge of the premises and the location of certain items as well as her sophisticated knowledge of drug usage and manufacture were also indicia of reliability of the information she supplied. The totality of the information presented in the warrant affidavit established probable cause for issuance of the warrant. Dunlap's attorney was therefore not ineffective in failing to file a motion to suppress seized evidence on the ground that the affidavit was facially insufficient.

Next, Dunlap argues that his attorney ought to have made a "*Franks* challenge" to the search warrant on the ground that the supporting affidavit was misleading. In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the United States Supreme Court held that if an affiant attests to information that is deliberately false or that is presented in reckless disregard for the truth, and if, when the false material is excised, the remaining content of the warrant affidavit is insufficient to support a finding of probable cause, a warrant issued in reliance on the affidavit is invalid. The same result follows if there were deliberate or reckless omissions of facts which might cause the affidavit to mislead the magistrate, *State v. Beaty*, 118 Idaho 20, 794 P.2d 290 (Ct.App.1990). Dunlap asserts that the investigating officer deliberately withheld information that would have negated Crawford's reliability as an informant.

■■■ The *Franks* rule applies to the credibility of the warrant affiant only, not that of the informant. *Franks*, 438 U.S. at 171, 98 S.Ct. at 2684. Dunlap has not presented any evidence showing that the officer knowingly or recklessly omitted relevant information from his affidavit. Dunlap contends that the officer should have informed the magistrate that Crawford had a motive to fabricate in order to exact revenge against Dunlap, because the two had recently fought. This assertion is not borne out by the record. Crawford's written statement given to the sheriff's office indicates that her reason for reporting Dunlap's activities was that he had threatened the lives of Crawford and her mother. There is no evidence indicating the officer knew or should have known that Crawford was motivated by revenge or otherwise had a motive to fabricate in her report to police.

■■■ Dunlap also asserts the officer's affidavit should have disclosed that Crawford previously gave false information to the police. Dunlap's contention is again contradicted by the evidence. A police report does indicate that Crawford initially told deputies that stolen property would be found in a rented storage locker, and that a search of the locker yielded no stolen items. However, Crawford also told the deputies that she had last seen the items in the locker about one month earlier, that Dunlap had been to the storage locker in the interim, and that Crawford had seen a box similar to the one containing the stolen firearms in a storage shed at Dunlap's residence only four days prior to her statement to police. Thus, there was no reason for the officers to conclude that Crawford's information had proved to be unreliable.

Dunlap has submitted no evidence that the affiant recklessly omitted information which would have undermined Crawford's credibility as an informant. Therefore, Dunlap has not shown that his attorney was ineffective in failing to assert a *Franks* challenge to the warrant.

## C. UNDISCOVERED EVIDENCE

Dunlap next asserts that his attorney negligently failed to interview two witnesses who would have provided exculpatory evidence. First, Dunlap claims that his attorney told him that Guy Lemmons had provided evidence against Dunlap to the State and would testify against Dunlap at trial. Dunlap asserts that this was false and that Lemmons would have testified that he, Lemmons, had stolen the firearms found at Dunlap's home without any assistance from Dunlap. Whether these assertions are true or untrue, Dunlap has not supported this claim with an affidavit from Lemmons or with any other admissible evidence. Therefore, the district court properly dismissed this claim.

■■■ Dunlap also asserts that his counsel failed to interview and develop the testimony of another exculpatory witness, Roger Shad-

dy. Shaddy signed an affidavit in support of Dunlap's amended application in which he admits that he gave Dunlap a five-gallon can containing marijuana and methanol, the so-called "hash machine," and some drug paraphernalia for Dunlap to store for him. His affidavit further states that Dunlap was not involved in the use of these items and that, had Shaddy been asked, he would have so testified at Dunlap's trial.

 As noted earlier, in cases involving undiscovered evidence proof of ineffective assistance of counsel requires a showing that, if the evidence had been known, there is a reasonable probability that the defendant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. at 59, 106 S.Ct. at 370. Although Roger Shaddy would have provided some exculpatory evidence, assuming he would have incriminated himself as indicated in his affidavit, we conclude it would have had little effect in overcoming the copious evidence against Dunlap revealed at the preliminary hearing.

The preliminary hearing transcript indicates that large amounts of drugs and drug paraphernalia were found in Dunlap's residence and storage shed apart from and in addition to the can of marijuana and methanol referred to by Shaddy. Moreover, upon his arrest Dunlap had admitted to law enforcement officers that he took the marijuana in the five-gallon can and removed it from the can to dry. Cindy Crawford also testified that Dunlap used the hash machine to make hashish oil and that he told her, in the presence of others, that the drugs had originally belonged to Shaddy but because Shaddy owed him money, Dunlap was going to take the marijuana as his own. Therefore, Shaddy's testimony, even if believed by the trier of fact, would not have exonerated Dunlap of the drug-related charge to which he pleaded guilty. Accordingly, Dunlap has shown no prejudice from his counsel's alleged failure to discover this potential testimony.

## D. ALLEGED PLEA BARGAIN

 Dunlap next asserts that there was a breach of a plea agreement by the State, or that his attorney misrepresented the terms of the plea agreement. According to Dunlap, his attorney said that the prosecutor had agreed to a plea bargain under which Dunlap would receive a sentence of no more than three years' incarceration if he pleaded guilty. Dunlap filed affidavits from both himself and his mother stating that Dunlap's attorney made these representations and that he further advised Dunlap not to mention this plea agreement at the hearing when the plea was taken. Dunlap states that at the sentencing hearing the prosecutor actually recommended a sentence of fifteen to twenty years. He contends that his attorney either misrepresented the plea agreement or was ineffective in failing to object to the prosecutor's recommendations at sentencing and failing to move to withdraw Dunlap's guilty plea due to the prosecutor's alleged noncompliance with the plea agreement. Dunlap relies upon the United States Supreme Court's decision in *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), where, on the basis of very similar allegations by a prisoner, the Court held that the prisoner had stated grounds for habeas corpus relief. Decisions of this Court also establish that a guilty plea must be set aside at the defendant's request if the plea was entered in reliance upon an agreement that was later breached by the State. *Hays v. State,* 113 Idaho 736, 745, 747 P.2d 758, 767 (Ct.App.1987), *aff'd in part* 115 Idaho 315, 766 P.2d 785 (1988); *State v. Rutherford,* 107 Idaho 910, 693 P.2d 1112 (Ct.App.1985).

 In considering summary dismissal of an application for post-conviction relief, the trial court must accept as true verified allegations of fact in the application or in supporting affidavits, no matter how incredible they may appear, unless they have been disproved by other evidence in the record. *Tramel v. State,* 92 Idaho 643, 646, 448 P.2d 649, 652 (1968). Where the applicant's allegations frame a genuine issue of material fact which, if resolved in the applicant's favor, would entitle him to relief, summary dismissal is improper. *State v. Goodrich,* 104 Idaho 469, 472, 660 P.2d 934, 937 (1983).

Here the only evidence regarding the alleged plea agreement is Dunlap's verified application and amended application, his affi-

**910**

davit and the affidavit of his mother. The State did not controvert this claim with any opposing evidence. The State asserts in its brief on appeal that the transcript of the sentencing hearing demonstrates that Dunlap knew the sentence he would receive and voluntarily pleaded guilty. However, the State did not make this transcript a part of the record on appeal nor does it appear that the transcript was before the district court in the proceedings below. Therefore, the only evidence we may consider is that presented by Dunlap. This evidence is sufficient to frame issues of material fact regarding (a) whether Dunlap's attorney represented to Dunlap that a plea agreement existed, (b) whether such an agreement was in fact made, (c) if so, whether it was breached by the State, and (d) if no such plea agreement existed, whether Dunlap's attorney made misrepresentations to Dunlap constituting ineffective assistance of counsel.

We conclude, therefore, that the district court erred in summarily dismissing this claim on the record presented, and the case must be remanded for further proceedings on this claim of ineffective assistance.[1]

## V. MISCELLANEOUS ISSUES

Dunlap also claims that his attorney was deficient in representing him at the sentencing hearing. He claims that his counsel did not object to inaccuracies in the presentence report and did not present "petitions" expressing support for Dunlap that were signed by many of Dunlap's friends and acquaintances. We conclude that the district court properly dismissed this claim for lack of supporting evidence. First, Dunlap did not place in evidence the presentence investigation report that includes the alleged inaccuracies. Second, a short excerpt from the sentencing hearing that was placed in evidence by Dunlap shows that his lawyer did submit to the trial court the petition signed by Dunlap's supporters, but the court did not

find these petitions particularly persuasive. On this record Dunlap did not meet his burden to show either that counsel's performance was deficient or that Dunlap was prejudiced by his attorney's conduct.

Finally, Dunlap's amended application asserts a claim for ineffective assistance by the attorney who was appointed to represent him in his first post-conviction proceeding. This Court has consistently held that although alleged ineffectiveness of counsel in a post-conviction proceeding may constitute "sufficient reason" for allowing the filing of a second application under I.C. § 19–4908, it does not constitute an independent basis for post-conviction relief. *Nguyen v. State,* 126 Idaho 494, 887 P.2d 39 (Ct.App.1994). Therefore, the district court properly dismissed this claim.

## VI. CONCLUSION

Dunlap's evidence, which is uncontroverted by any evidence submitted by the State, raises genuine issues of fact regarding Dunlap's claim that a plea agreement existed and was breached by the State or was the subject of misrepresentations by Dunlap's attorney. The order of the district court dismissing this claim is therefore vacated. The dismissal of Dunlap's remaining claims is affirmed. This action is remanded for further proceedings consistent with this opinion.

WALTERS, C.J., and PERRY, J., concur.

---

1. On Dunlap's appeal from his judgment of conviction this Court rejected Dunlap's contention that his guilty plea was involuntary because it was allegedly based on evidence that was erroneously admitted at the preliminary hearing. *State v. Dunlap,* 123 Idaho at 398, 848 P.2d at 456. That decision is not res judicata as to the present claim, however, because Dunlap's claim of ineffective assistance of his defense attorney was not presented on that appeal. It could not have been then asserted because the alleged facts upon which the ineffective assistance claim is predicated would not have been encompassed in the record of the criminal proceedings.