932 P.2d 358

STATE of Idaho, Plaintiff–Respondent,

v.

Douglas L. KELLIS, Defendant–Appellant.

Docket No. 22729.

Court of Appeals of Idaho.

Jan. 22, 1997.

Petition for Review Denied Feb. 28, 1997.

Douglas L. Kellis, Boise, appellant pro se.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Douglas L. Kellis was convicted of possession of methamphetamine, I.C. § 37–2732(c), eluding a peace officer, I.C. § 49–1404(2)(c), and resisting an officer, I.C. § 18–705. In this *pro se* appeal he seeks relief from the judgments of conviction on the grounds that evidence against Kellis should have been suppressed, that he received ineffective assistance of counsel and that the prosecutor breached the plea agreement. We affirm the judgments while preserving Kellis's opportunity to raise the claim of a breach of the plea agreement and the claim of ineffective assistance of counsel through subsequent post-conviction proceedings in the trial court.

## FACTS AND COURSE OF PROCEEDINGS

On November 9, 1995, Kellis was charged in Ada County case no. H9501712 with the crimes of possession of methamphetamine, possession of marijuana, possession of drug paraphernalia and resisting an officer. When Kellis failed to appear for a November 29, 1995, preliminary hearing, a bench warrant was issued for his arrest. On December 14, 1995, following an automobile chase through the streets of Boise, Kellis was arrested on the warrant. He was also charged in Ada County case no. H9501713 with the crimes of felony eluding a peace officer, driving without privileges, resisting an officer and possession of marijuana. The cases were consolidated for the purpose of taking Kellis's guilty pleas and for sentencing. In case no. H9501712, Kellis pleaded guilty to possession of methamphetamine and resisting an officer. The charges of possession of marijuana and possession of paraphernalia were dismissed. In case no. H9501713, Kellis entered a guilty plea to the felony of eluding an officer, with the remaining charges being dismissed. The plea agreement required the State to recommend a

unified sentence of seven years with a three-year minimum term in case no. H9501712 for the possession offense and to recommend that this sentence be concurrent with the sentence imposed in case no. H9501713. Kellis asserts on appeal that the plea agreement also included a promise by the State to recommend a one- to five-year sentence on the eluding charge in case no. H9501713.

At sentencing, the State recommended that the court impose a unified sentence of seven years with a three-year minimum term for possession of methamphetamine in case no. H9501712 and a unified five-year sentence with a three-year minimum term in case no. H9501713, with the sentences to run concurrently. Defense counsel recommended concurrent sentences of one to five years on each of the felonies and made no objection to the State's recommendations. The court imposed a seven-year sentence with a two-year minimum term for possession of methamphetamine, a determinate one-year sentence for resisting an officer, and a unified five-year sentence with a minimum term of three years for eluding a police officer. It was ordered that all sentences would run concurrently.

On appeal, Kellis raises the following issues: (1) whether evidence should have been suppressed because the arrest and subsequent search of Kellis in case H9501712 were unlawful; (2) whether Kellis received ineffective assistance of counsel; and (3) whether the State breached the plea agreement with respect to the sentencing recommendation on the eluding charge.

## A. Suppression Issues

Kellis asserts on appeal that evidence against him should have been suppressed. He argues that the initial traffic stop, which led to his arrest and to the search, was unlawful and that because the traffic stop was improper, the evidence found in the search should be suppressed. In addition, Kellis argues that I.C. § 49–949, the statute upon which the traffic stop was predicated, is void for vagueness. Neither of these issues was raised before the trial court.

It is well established that Idaho appellate courts will not consider issues that are presented for the first time on appeal. *Sanchez v. Arave,* 120 Idaho 321, 815 P.2d 1061 (1991); *State v. Dunlap,* 123 Idaho 396, 399, 848 P.2d 454, 457 (Ct.App.1993); *Whitehawk v. State,* 119 Idaho 168, 804 P.2d 341 (Ct.App.1991). In addition, a voluntary and intelligent guilty plea waives many rights which otherwise could have been asserted at trial, including the right of a defendant to challenge the admissibility of evidence upon which the State might have relied. *State v. Tipton,* 99 Idaho 670, 673, 587 P.2d 305, 308 (1978); *State v. Gardner,* 126 Idaho 428, 433 n. 6, 885 P.2d 1144, 1149 n. 6 (Ct.App.1994); *State v. Dunlap,* 123 Idaho 396, 399, 848 P.2d 454 (Ct.App.1993). Likewise, the failure to challenge the constitutionality of a statute in the trial court is a waiver of the right to assert the issue on appeal. *Sanchez, supra.* Because no issues as to the validity of the traffic stop or the search or as to the constitutionality of I.C. § 49–949 were raised to the trial court, these issues will not be addressed on this appeal.

## B. Ineffective Assistance of Counsel Claim

Kellis next contends that his representation in the criminal case was not competent because his attorney did not file a motion to suppress incriminating evidence. Kellis also complains that his attorney did not appear in court on the date of his arraignment and at sentencing.

The latter allegation is disproven by the record. Kellis was represented by the Ada County Public Defender. The handling attorney assigned to his case was Edward Odessey. At the arraignment and at the sentencing hearing, other attorneys from the Public Defender's office appeared on behalf of Kellis. At the sentencing hearing, the attorney requested that the hearing be postponed, but Kellis insisted that the sentencing proceed on that day. Kellis was represented by legal counsel at both hearings. Therefore this portion of Kellis's claim is without merit.

We turn next to Kellis's allegation that Mr. Odessey was deficient in recommending that Kellis enter guilty pleas in case

no. H9501712 without having filed a motion to suppress evidence. As the Idaho appellate courts have often said, it is generally not appropriate to present claims of ineffective assistance of counsel in a direct appeal from the judgment of conviction. Rather, such claims are more appropriately presented through post-conviction relief proceedings where an evidentiary record can be developed. *State v. Mitchell,* 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct.App.1993). *See also Carter v. State,* 108 Idaho 788, 792, 702 P.2d 826, 830 (1985); *State v. Machen,* 100 Idaho 167, 171, 595 P.2d 316, 320 (1979); *State v. Marks,* 119 Idaho 64, 66, 803 P.2d 565, 567 (Ct.App.1991); *State v. Steele,* 118 Idaho 793, 795, 800 P.2d 680, 682 (Ct.App.1990). As we explained in *Mitchell:*

> Claims of ineffective assistance of counsel often raise issues on which no evidence is adduced at the defendant's trial. These typically include issues as to the adequacy of counsel's communications with the defendant, the sufficiency of counsel's investigation, and the wisdom of counsel's decision not to present certain testimony or physical evidence or not to retain particular experts. Because the competency of counsel is not an issue in the trial, the trial record on direct appeal is rarely adequate for review of such claims.
>
> . . . .
>
> Because of our inability to resolve claims of ineffective assistance of counsel based upon the bare trial record, this Court has, on several occasions, declined to address such claims on direct appeal, suggesting that the defendant could pursue the claim on a subsequent application for post-conviction relief.

*Id.* at 376, 859 P.2d at 974.

■ For the reasons expressed in *Mitchell,* we decline to consider Kellis's claim that his attorney provided ineffective assistance because he did not pursue a motion to suppress evidence. The trial record here is not adequate to determine whether there existed meritorious grounds for a suppression motion or whether the defense attorney considered a suppression motion but for legitimate reasons decided against it. We therefore decline to review this issue on direct appeal and

leave Kellis with the opportunity to present this claim through a post-conviction relief action should he choose to do so. *See Carter, supra; Mitchell, supra; State v. Darbin,* 109 Idaho 516, 523, 708 P.2d 921, 928 (Ct.App. 1985).

## C.  The Plea Agreement

Finally, we address Kellis's contention that he should be allowed to withdraw his guilty pleas because the prosecutor breached the plea agreement. Kellis asserts that this breach occurred when the prosecutor recommended a sentence of three to five years' incarceration for the eluding offense after having promised, as a term of the plea agreement, to recommend a term of one to five years.

■ When a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). If the prosecution breaches its obligation under a plea agreement, "the defendant pleads guilty on a false premise, and hence his conviction cannot stand." *Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984); *State v. Rutherford,* 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985). *See also State v. Banuelos,* 124 Idaho 569, 575, 861 P.2d 1234, 1240 (Ct.App.1993).

■ However, an appellate court can know only what is revealed on the record and it is therefore incumbent upon the respective attorneys to clearly and unambiguously state the entire plea agreement on the record. *Banuelos,* 124 Idaho at 575, 861 P.2d at 1240; *Rutherford, supra.* The trial court also bears a duty to ensure that the record contains a clear and full disclosure of all essential terms of the agreement reached. *Banuelos, supra.* "By conducting this type of thorough inquiry on the record, the trial court can insulate the guilty plea as much as possible from collateral attack." *State v. Colyer,* 98 Idaho 32, 36, 557 P.2d 626, 630 (1976).

Here, because there is no written plea agreement, Kellis asks us to ascertain the specifics of the agreement from the transcript of the hearing at which his guilty pleas were entered. Kellis relies upon the following colloquy between defense counsel and the court in support of his position that the State promised to recommend a unified five-year sentence with a one-year minimum term for the eluding charge. This exchange occurred after Kellis had entered his guilty plea in case no. H9501712 to the charges of possession of methamphetamine and resisting an officer.

Prosecutor: Which count is he pleading to?

Defense Counsel: Count I.

The Court: This is pursuant to the agreement we already talked about.

Prosecutor: That's correct.

. . . .

Defense Counsel: Guilty plea only applied to Count I, the felony eluding.

Court: Yes I've got that.

Defense Counsel: And it would be a different sentencing recommendation, although it would be concurrent. It's a one plus four, and I think that is—

Court: Let me make a notation on that.

Defense Counsel: Please, because that is a little different. I didn't realize——it may not matter.

Court: I will make a notation that it's different in that case.

Kellis did not move to set aside his guilty plea or otherwise raise before the trial court his claim of a breach of the plea agreement. Therefore, there exists no other record pertaining to the terms of the agreement. The State contends that the colloquy at the plea hearing is insufficient to establish that the prosecutor promised to limit his sentencing recommendation on the eluding charge to one to five years. We agree that this record is ambiguous.

■ The fact that Kellis did not raise the alleged prosecutorial breach of the plea agreement before the trial court does not, in itself, preclude consideration of the issue on appeal. In *Rutherford*, this Court held that a breach of a plea bargain by the State is fundamental error and, therefore, "[t]he

mere failure to object to such error in the district court does not waive the right to raise the issue for the first time on appeal." *Rutherford*, 107 Idaho at 915–16, 693 P.2d at 1117–118. However, it does not follow that appellate review is appropriate in every case where a claim of breach of the plea bargain is first asserted on appeal. In *Rutherford*, we recognized that where the existence of a prosecutorial promise is disputed and the record on appeal does not clearly disclose the terms of the plea agreement, further action in the trial court may be required before appellate review is possible. *Rutherford*, 107 Idaho at 914, 693 P.2d at 1116. This is such a case. The imprecise transcript before us does not unequivocally establish the State's obligations under the plea agreement. Defense counsel may or may not have been expressing the State's promise of a sentencing recommendation when he referred to a recommendation of "one plus four" on the eluding charge. The absence of any objection by defense counsel to the prosecutor's later, different recommendation at the sentencing hearing contributes to the uncertainty as to whether the prosecutor had previously agreed to a "one plus four" recommendation.

■ In this circumstance, Kellis's claim cannot appropriately be determined on appeal. An evidentiary hearing before the district court is necessary to resolve the factual issue as to the terms of the plea agreement. This could be accomplished through an I.C.R. 33(c) motion to withdraw Kellis's guilty pleas or through a post-conviction relief action where an evidentiary record regarding the specifics of the plea agreement can be developed. Consequently, just as we declined to address Kellis's claim of ineffective assistance of counsel that was inappropriately raised in this direct appeal without the development of a trial court record to support it, we likewise decline to render a decision on his claim that the State breached the plea agreement. Both claims are preserved without prejudice to Kellis's opportunity to pursue them through appropriate proceedings in the trial court.

## CONCLUSION

The judgments of conviction entered by the district court are affirmed.

WALTERS, C.J., and PERRY, J. concur.