84 P.3d 575

**William (Bill) McKEETH,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 29044.

Court of Appeals of Idaho.

Jan. 13, 2004.

Review Granted June 23, 2004.

Stewart A. Morris, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph Reed Blount, Deputy Attorney General, Boise, for respondent. Ralph Reed Blount argued.

GUTIERREZ, Judge.

William (Bill) McKeeth appeals from the order of the district court denying his application for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL SUMMARY

The facts of McKeeth's underlying criminal offense are more fully set forth in our opinion in *State v. McKeeth*, 136 Idaho 619, 38 P.3d 1275 (Ct.App.2001). To summarize, McKeeth, a licensed professional counselor, was charged with six counts of sexual exploitation by a medical care provider stemming from allegations that he had sexual contact with six of his female patients. McKeeth entered an *Alford* plea[1] on all counts, reserving the right to appeal from the denial of his pre-trial motions. The conditional plea agreement reads:

> William McKeeth, defendant herein, agrees to enter a conditional plea of guilty pursuant to ICR 11(a)(2) to the six counts of I.C. § 18–919 as alleged in the Second Amended Complaint. Defendant thereby reserves the right to appeal from the Court's denial of all pre-trial motions. The State of Idaho hereby consents to this reservation of rights. *If the defendant prevails on appeal, he will be allowed to withdraw his guilty plea to the charge.*

(Emphasis added).

On appeal, this Court vacated McKeeth's convictions and sentences on the first three counts, but affirmed the district court on the remaining three counts. In doing so, we rejected McKeeth's argument that his conditional plea agreement allowed him to withdraw his guilty plea as to counts IV–VI. *McKeeth*, 136 Idaho at 627–628, 38 P.3d at 1283–1284. In particular, we concluded that McKeeth could withdraw his plea only as to each charge for which his conviction was

reversed, per the language of his conditional plea agreement.

McKeeth then filed an application for post-conviction relief, based on an ineffective assistance of counsel claim, seeking withdrawal of his guilty pleas with regard to counts IV–VI. McKeeth alleged that he had been prejudiced by the deficient performance of his counsel because McKeeth entered his guilty pleas in reliance upon counsel's advice that McKeeth would be able to withdraw those pleas if he was successful on appeal as to any count. Because he was not allowed to withdraw his guilty pleas, McKeeth contends he was prejudiced by the loss of any opportunity to go to trial on Counts IV–VI. McKeeth's trial counsel testified at the evidentiary hearing that he had intended to pluralize the word "charge" in the last sentence of the conditional plea agreement, but out of a haste born of running behind schedule, had neglected to include the "s." McKeeth argued that the failure of his trial counsel to pluralize the word "charge" was defective performance and rendered his trial counsel's assistance ineffective.

The district court found McKeeth had not been prejudiced and denied relief. McKeeth now appeals.

## II.

## STANDARD OF REVIEW

■ An applicant seeking relief for ineffective assistance of counsel has the burden of proving, by a preponderance of the evidence, the allegations on which the claim is based. Idaho Criminal Rule 57(c); *Estes v. State*, 111 Idaho 430, 436, 725 P.2d 135, 141 (1986). The applicant must show that the attorney's representation did not meet objective standards of competence, i.e., that counsel's conduct did not fall "within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). The applicant must also demonstrate that he was prejudiced by his attorney's deficient performance. *Strick-*

---

1. See *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

*land,* 466 U.S. at 691–96, 104 S.Ct. 2052; *Aragon,* 114 Idaho at 760–761, 760 P.2d at 1176–77. In order to satisfy this "prejudice prong," a defendant convicted upon a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Where the district court conducts an evidentiary hearing and enters findings of fact and conclusions of law, an appellate court will disturb the findings of fact only if they are clearly erroneous, but will freely review the conclusions of law drawn by the district court from those facts. *Mitchell v. State,* 132 Idaho 274, 276–277, 971 P.2d 727, 729–730 (1998); *Gabourie v. State,* 125 Idaho 254, 256, 869 P.2d 571, 573 (Ct. App.1994). A claim of ineffective assistance of counsel presents mixed questions of law and fact. *Murray v. State,* 121 Idaho 918, 921–922, 828 P.2d 1323, 1326–1327 (Ct.App. 1992).

### III.

### ANALYSIS

■ We first address whether McKeeth's trial counsel rendered performance that was within the range of competence required of attorneys in criminal cases. *See Gilpin–Grubb v. State,* 138 Idaho 76, 82, 57 P.3d 787, 793 (2002). In the criminal action, counsel advised McKeeth that the conditional plea agreement would allow McKeeth to withdraw his guilty pleas to those counts on which he did not prevail on appeal. However, in his direct appeal, we concluded that the language of the conditional plea agreement, particularly the use of the term "charge" instead of "charges," precluded McKeeth from withdrawing his guilty pleas to those counts on which he did not prevail on appeal. Thereafter, both McKeeth and his trial counsel testified in the post-conviction evidentiary hearing that they had intended to reserve the right to withdraw the guilty pleas to all charges if McKeeth prevailed on any count on appeal.

Also adduced at the hearing was testimony from the original prosecution team indicating that although they did not realize it at the time, they now believed McKeeth and his attorney did intend to reserve such a right. There was no evidence presented at the hearing to contradict McKeeth's allegation that his trial attorney had intended but failed to pluralize the word "charge" in the conditional plea agreement. In light of the evidence presented we conclude that McKeeth has shown trial counsel rendered deficient performance by not drafting the conditional plea agreement according to the terms he and McKeeth intended to proffer.

Resolution of this case therefore turns on whether McKeeth can demonstrate that he was prejudiced by trial counsel's deficient performance. The district court found that McKeeth was unable to satisfy the prejudice prong of *Hill,* holding that the deficient performance of McKeeth's counsel had been cured by the district court's advice to McKeeth regarding the operation of conditional pleas. Before accepting McKeeth's plea, the district court explained:

> The conditional plea, which is a plea in which the defendant has the right to appeal issues to the—in this case it would be the Supreme Court or the Court of Appeals. And in the event that the court is affirmed on those, the sentence would then be imposed. And in the event that the court was to be reversed on any of those issues, it would be dispositive of the case. It could result potentially in a dismissal of the charges, and certainly the defendant will be allowed to withdraw his guilty plea if this court is reversed on its rulings.

We disagree with the district court's determination in this case that the above statement made clear to McKeeth that he would be allowed to withdraw his guilty plea only on those issues upon which he prevailed on appeal. The record indicates that the state, McKeeth's trial attorney, and the district court all held differing opinions as to the meaning of the conditional plea agreement. While the district court correctly pointed out that neither McKeeth nor his trial attorney explained their understanding of the plea agreement, there is likewise no explanation from either the state or the district court that unambiguously reveals their under-

standing of the document. Of particular import here is the district court's statement that "in the event that the court was to be reversed on *any* of those issues, it would be dispositive of *the case*." (emphasis added). There is no evidence that McKeeth interpreted the district court's explanation as the court intended, particularly in light of his counsel's repeated assurances.

■ However, McKeeth's argument that his "loss" of the right to go to a jury trial is *prima facie* prejudice is also uncompelling. McKeeth did not lose his right to a jury trial; he waived that right by pleading guilty. In order to now obtain post-conviction relief for ineffective assistance of counsel concerning the decision to plead guilty, McKeeth must show that his belief that he could withdraw his plea on all charges if he prevailed on appeal, as to any one of them was a significant factor in the decision to plead guilty. In determining whether McKeeth has met this burden, this Court's previous decision in *Dunlap v. State*, 126 Idaho 901, 894 P.2d 134 (Ct.App.1995) is instructive. After reciting *Hill's* test for determining the existence of prejudice resulting from counsel's error, we explained that:

> ... this latter inquiry will often turn upon the likelihood that discovery of the defense or exculpatory evidence which was overlooked by counsel would have led counsel to change his recommendation as to the plea. This assessment, in turn, will largely depend upon whether the missed evidence or defense likely would have changed counsel's prediction as to the outcome of a trial.

*Dunlap*, 126 Idaho at 905, 894 P.2d at 138. Dunlap presented two issues that bear on our analysis of McKeeth's present appeal. First, Dunlap argued that he would not have pled guilty had his counsel informed him of the existence and likelihood of success of several pending motions. However, we concluded that the motions at issue were without merit and therefore rejected Dunlap's assertion that if he had known of their odds of success, he would not have pled guilty but instead insisted on proceeding to trial. McKeeth similarly argues that he would not have pled guilty at all if he had known that a dismissal of counts I–III on appeal would not

entitle him to withdraw his guilty pleas on the remaining counts. He asserts that counts IV–VI were more defendable than counts I–III "for a couple of reasons," including the lateness of the victims' complaints. However, as the district court noted, McKeeth's trial counsel had filed numerous motions, none of which were granted. The district court stated that:

> Defense counsel at [the time McKeeth entered his plea] had—on the original complaint had filed a motion for relief from prejudicial joinder and had renewed that. There was a motion in limine to exclude testimony of hypnotized witnesses. There was an objection to and a motion to dismiss the second amended complaint pursuant to Rule 7(E) of the criminal rules. There was a motion to dismiss for double jeopardy. There was a motion to dismiss counts 1, 2, 3 for denial of speedy trial under the Constitution of the State of Idaho, of the United States Constitution, as well as 19–3501.

> There was a renewed motion for relief from this joinder in alternative form and alternatively from prejudicial joinder. Then, there was a notice of withdrawal, a motion to suppress, and motion to dismiss for defects in the complaint. There was also before the court a motion regarding uncharged conduct.

The district court denied all these motions, although it did take the motion regarding uncharged conduct under advisement. McKeeth presents no new argument as to why he now wants a trial on counts IV–VI or how he might present a meritorious defense to those charges. Rather, he contends that although the charges were not sufficiently defensible to make it worthwhile to go to trial, when he faced six counts, getting three counts eliminated on appeal made the remaining counts significantly more defensible. This, he asserts, is why his belief that he could withdraw his guilty plea to all counts if he prevailed on any one of them on appeal was an important factor when he decided to plead guilty. This contention entails an assessment that the mere prospect of eliminating three charges would so improve the defensibility of the remaining three that, when

he decided to plead guilty, it was worth pleading guilty to all six counts—with the inherent risk that the conviction would stand on appeal—in order to gain the possibility of going to trial on only three counts after an appeal. McKeeth has not shown that the elimination of the first three counts on appeal would have such a dramatic effect on defense of the remaining three that this strategy realistically would have been the basis for his decision to plead guilty on the last three counts. The district court was not required to accept McKeeth's bare assertion that, when pleading guilty, he was consciously pursuing such an implausible strategy. Therefore, he has not shown that the district court was clearly erroneous in its finding that McKeeth failed to meet his burden to prove that, but for counsel's deficiency, he would not have pled guilty. Accordingly, the *Strickland* "prejudice prong" has not been met in this case.

## IV.

## CONCLUSION

Although McKeeth's trial counsel admitted that he did not provide assistance that fell within the range of competence demanded of criminal defense attorneys, we conclude that McKeeth has not demonstrated that any prejudice resulted from that failing. Therefore the district court's denial of post-conviction relief is affirmed.

Chief Judge LANSING and Judge PERRY concur.