861 P.2d 95

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Val C. CHAPPLE, Defendant–Respondent.**

No. 19856.

Court of Appeals of Idaho.

Sept. 29, 1993.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-appellant. Michael A. Henderson argued.

Cox & Ohman, Idaho Falls, for defendant-respondent. Dean C. Brandstetter, argued.

WINMILL, Judge pro tem.

This is an appeal by the state from an order granting defendant Val C. Chapple's motion to suppress evidence obtained pursuant to the execution of a search warrant at Chapple's business. The state argues that the evidence should not have been suppressed because there was a substantial basis for concluding that probable cause existed when the warrant was issued. For the reasons explained below, we affirm.

This case stems from Val Chapple and Jill Olsen's alleged involvement in the trafficking of methamphetamine in Idaho Falls during the fall of 1991. On September 24, 1991, a confidential informant reported to Terry Morgan, of the Idaho Department of Law Enforcement, Bureau of Narcotics, that Cheryl Duncan, a known supplier of methamphetamine, had told the informant that Olsen was going to San Diego, to pick up a large shipment of methamphetamine. On September 24, 1991, in the presence of Officer Morgan, the informant telephoned Duncan to see if the drugs had arrived. Duncan indicated that it had not, but that she expected that it would arrive shortly and that there were a number of people waiting for it.

A warrant was obtained and, on September 26, 1991, Olsen's residence was searched.[1] The search disclosed quantities of methamphetamine, packaging materials, cutting agent and records relating to drug trafficking.

On September 26, 1991, Kim Marshall of the Bonneville County Sheriff's Office received a report from another informant that Olsen had brought a large shipment of methamphetamine to Idaho Falls the prior evening. The informant also indicated that Val Chapple was giving out free samples of methamphetamine, informing prospective purchasers that they could return to pur-chase more if they desired. Marshall conveyed this information to Officer Morgan.

On September 27, Officer Morgan applied for a warrant to search Chapple's auto body shop for controlled substances, evidence of drug trafficking, business records, and indicia of occupancy and financial records. In his affidavit, Morgan described the information which he had received about Olsen's activities, and further indicated that he knew Chapple to be an associate of Olsen's. Morgan stated that Chapple resided in the auto body shop, and believed that he would have personal records there. Morgan also related the information obtained from Deputy Marshall that Chapple had been giving away free samples of methamphetamine on the previous day.

Later on September 27, a hearing on the search warrant application was held before District Judge Marvin Smith. Following the hearing, Judge Smith determined that probable cause had been shown, and issued a warrant for the search of Chapple's business. In executing the warrant, the police discovered approximately 110 grams of methamphetamine, various items of drug paraphernalia, approximately $26,000 in cash, a pistol and business records.

Chapple was bound over to the district court on charges of conspiracy to deliver methamphetamine, possession of methamphetamine with intent to deliver, failure to affix a tax stamp, and racketeering. Counsel for defendant filed a motion to suppress on the assertion that the search of the shop violated Chapple's Fourth Amendment rights. Following a hearing on the motion, District Judge Ted V. Wood issued a Memorandum Decision and Order suppressing the evidence.

In his Memorandum Decision and Order, Judge Wood held that the statements of the confidential informant regarding Chapple's giving away free samples of methamphetamine did not provide the court with an adequate basis for the informant's knowledge and could not, by itself, support Judge Smith's issuance of a search war-

---

1. The validity of the search warrant for Olsen's residence is not directly at issue in this appeal.

For purposes of this decision, we assume the validity of the warrant.

rant. Judge Wood also determined that the officer's statement that he knew Chapple to be an associate of Olsen's was a bald assertion of suspicion which could not be used to tie Chapple to Olsen's conduct. Judge Wood then concluded that removing these matters from Morgan's affidavit left Judge Smith without a substantial basis upon which to conclude that probable cause existed for the issuance of a search warrant for Chapple's place of business. Finally, Judge Wood rejected the state's argument that the warrant should nevertheless be upheld under the *Leon* "good faith" doctrine, finding that Officer Morgan intentionally or recklessly omitted material information from the warrant application.

From this order suppressing the evidence discovered in Chapple's Auto–Body, the state appeals.

■ Preliminarily, we note our standard of review in considering a trial court's suppression of evidence. This Court has stated that when a trial court has ruled on a motion to suppress evidence on constitutional grounds, our standard of review is one of deference to factual findings unless they are clearly erroneous, but free review of whether constitutional requirements have been satisfied in light of the facts found. *See, State v. Brennan,* 123 Idaho 553, 555, 850 P.2d 202, 204 (Ct.App.1993); *State v. Peightal,* 122 Idaho 5, 7, 830 P.2d 516, 518 (1992); *State v. Weber,* 116 Idaho 449, 776 P.2d 458 (1989).

■ In reviewing the issuance of a search warrant by a magistrate, the appellate court's function is limited to insuring that the magistrate had a "substantial basis" for concluding that probable cause existed, with great deference paid to the magistrate's determination. *State v. Lang,* 105 Idaho 683, 684, 672 P.2d 561, 562 (1983). In *State v. Gomez,* 101 Idaho 802, 623 P.2d 110 (1980), *cert. denied,* 454 U.S. 963, 102 S.Ct. 503, 70 L.Ed.2d 378 (1981), the Idaho Supreme Court stated:

> We note at the outset the somewhat deferential standard of appellate review used to test the sufficiency of affidavits in support of search warrants. Affida-

vits for search warrants should not be viewed and tested in a hypertechnical manner. A magistrate's determination of probable cause should be accorded great deference by the appellate court. 101 Idaho at 805, 623 P.2d at 113 (citations omitted). Under this standard, we consider Judge Wood's decision to suppress the evidence obtained in the execution of the search warrant at Chapple's auto body shop.

Each of Judge Wood's conclusions appear interconnected, leading him to the conclusion that Judge Smith did not have a "substantial basis for concluding probable cause existed." *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983). However, central to that conclusion was his determination that a confidential informant's tip that Chapple was giving away samples of methamphetamine was the only evidence presented to Judge Smith which suggested that contraband would be found at Chapple's Auto Body. This provides an appropriate starting point for our evaluation of Judge Smith's decision.

■ The standard for considering hearsay statements from a confidential informant in search warrant applications has been previously stated by our Supreme Court. A judge who considers the warrant application is entrusted with the task of making a "practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *See State v. Lang,* 105 Idaho 683, 684, 672 P.2d 561, 562 (1983) *citing Illinois v. Gates,* 462 U.S. 213, 227, 103 S.Ct. 2317, 2326, 76 L.Ed.2d 527 (1983).

The *Lang* and *Gates* standard can best be understood in the context of the rules which it supplanted. Previously, the United States Supreme Court had suggested that the issuing judge use a two-pronged test to determine whether hearsay information could be used in establishing probable cause. The test required the government

to demonstrate both the veracity of the informant and the basis of his or her knowledge. *See, Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Veracity could be demonstrated either through the general credibility of the informant or through the reliability of the particular information provided. The basis of the informant's information could be demonstrated either directly, by a statement describing the circumstances upon which the informant obtained his or her information, or indirectly, by including enough detail that the information became self-verifying. *See, Aguilar v. Texas,* 378 U.S. at 114–15, 84 S.Ct. at 1514; *Spinelli v. United States,* 393 U.S. at 415, 89 S.Ct. at 588.

In *Illinois v. Gates, supra,* the Court abandoned the *Aguilar–Spinelli* standard as being unduly rigid and in its place adopted the "totality of circumstances" standard. This requires the magistrate to examine the full set of circumstances surrounding the warrant application, and not rigidly scrutinize any particular factors and from that point determine whether there is probable cause to issue a warrant. However, the Court did not completely abandon the two-pronged test of *Aguilar–Spinelli* but suggested that the two prongs are closely intertwined, so that "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." 462 U.S. at 233, 103 S.Ct. at 2329. Thus, while the "totality of the circumstances" has eliminated the rigid requirements of "veracity" and "basis of knowledge" derived from the *Aguilar–Spinelli* decisions, these standards remain a useful first step in evaluating probable cause where the information is derived, at least in part, from an undisclosed informant. *State v. Prestwich,* 110 Idaho 966, 719 P.2d 1226 (Ct.App.1986); *State v. Schaffer,* 107 Idaho 812, 817, 693 P.2d 458, 463 (Ct.App.1984).

The veracity of the informant in this case was acknowledged by Judge Wood, and the "veracity" prong appears clearly satisfied by the record. The affidavit submitted in support of the application for the search warrant indicated that:

> Kim Marshall states that the ... informant has supplied much information in the past concerning suspected drug activity. Kim Marshall has been able to verify the informants' tips. The informants' information currently is being used by Kim Marshall and other officers to further their investigations into several suspected drug traffickers. The informant has in the past been connected with drug activity, including use or possession of methamphetamine.

Affidavit of Search Warrant, dated September 27, 1991, p. 4.

■ However, the record indicates a complete failure to establish the "basis of knowledge" prong. Judge Wood found, and we agree, that the record contains no evidence of the informant's basis of knowledge. The affidavit before Judge Smith stated that:

> Val Chapple, who operates a body shop in Idaho Falls, was giving out free samples of methamphetamine on September 26, 1991, to proposed purchasers to see if they liked it. They could then come back to purchase what quantity they wanted.

The affidavit and sworn testimony gave no indication how the informant obtained his or her information and the informant's statement is not sufficiently detailed to be self-verifying. The record provides nothing to dispel the concern that the informant may have based his or her statement on nothing more than casual rumor.

On the other hand, a strong showing of an informant's veracity may compensate for a deficiency in the basis of his knowledge. *Gates,* 462 U.S. at 233, 103 S.Ct. at 2329. In the instant case, however, the indication of the informant's veracity is not so substantial as to permit such a conclusion, particularly given the complete absence of any indication how the confidential informant obtained his or her information.

■ An inadequacy in the informant's basis of knowledge may also be compensated for by other indicia of reliability. *Gates,*

462 U.S. at 233, 103 S.Ct. at 2329. "The question, then, is whether any other facts, disclosed by the 'totality of the circumstances,' strengthen the showing of probable cause ... [by] otherwise corroborating the anonymous informants' statements." *Prestwich,* 110 Idaho at 968, 719 P.2d at 1228.

The only corroboration indicated in the record, was the drug trafficking activities of Jill Olsen and the timing of Olsen's return from California with a large supply of methamphetamine immediately prior to Chapple's alleged distribution of samples of the drug. However, Judge Wood correctly observed that Olsen's activities only has relevance and only provides corroboration if there is a showing that Chapple was, in some way, associated with Olsen.

Thus, our focus is on the link between Chapple and Olsen—their "association." Judge Wood noted that to state that two persons are associates suggests that they are engaged in a common enterprise. He found that the only evidence concerning the association between Olsen and Chapple was Officer Morgan's assertion that he knew the association to exist. Judge Wood called this evidence "merely a bald and unilluminating assertion of suspicion which is entitled to no weight in a determination of probable cause." Memorandum decision, at 5. Judge Wood further found that there was no evidence in the record before Judge Smith to corroborate Morgan's statement that Chapple was associated with Olsen. Without a nexus between Chapple and Olsen's activities, Judge Wood concluded that Olsen's illegal activities did not corroborate the tip that Chapple was giving away free samples of methamphetamine.

While we agree with Judge Wood that Olsen's activities do not provide corroboration for the informant's tip, we do so for different reasons. The difficulty with Judge Wood's analysis is its starting point that the evidence presented to Judge Smith was a "bald and unilluminating" assertion entitled to no weight. Officer Morgan's affidavit stated that "Val Chapple is known to your affiant as an associate of Jill Olsen. In fact, your affiant has talked with Val Chapple about his associates and he confirmed his association with Jill Olsen." Affidavit of Search Warrant, dated September 27, 1991, p. 4. This suggests that Chapple confirmed directly to Morgan that he was an associate of Olsen. That statement, on its face, presents far more than a "bald and unilluminating assertion," and would appear sufficient to tie Chapple to Olsen's drug trafficking activities.

We nevertheless reach the same conclusion as Judge Wood, because of evidence presented at the suppression hearing. In an affidavit submitted in opposition to Chapple's motion to suppress, Officer Morgan discussed the basis of his knowledge of the association between Olsen and Chapple:

Your affiant had Val Chapple come into your affiant's office to assist in identifying the persons in photographs seized from the residence of Gary Gough.... A separate photograph showed Jill Olsen. Your affiant recalls Val Chapple identifying by name the person he knew in all the photographs. *Your affiant remembers Val Chapple acknowledging his recognition of a person in one photograph as Jill Olsen. Your affiant believes Val Chapple did identify Jill Olsen by name and indicated he knew her face and/or had seen her around.* Val Chapple did not state or indicate he was uncertain about the identity of Jill Olsen nor that he was unacquainted with her. (Emphasis supplied).

Affidavit of Terry Morgan, dated February 5, 1992, p. 3. Far from verifying that Olsen was his associate in criminal conduct, Chapple's statements to Officer Morgan indicates that Olsen was, at most, a passing acquaintance.

False evidence submitted in support of an application for a search warrant, without which probable cause could not have been found, will invalidate a warrant if it was presented intentionally or with reckless disregard for the truth. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *State v. Lindner,* 100 Idaho 37, 592 P.2d 852 (1979); *State v. Schaffer,* 107 Idaho 812, 693 P.2d 458 (Ct. App.1984). We have also extended this

holding to include the intentional omission of material facts. In *State v. Beaty*, 118 Idaho 20, 25, 794 P.2d 290 (1990), *citing United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.1985), *amended*, 769 F.2d 1410 (9th Cir.1985), we held "that the conduct of a police officer in deliberately withholding material facts, especially exculpatory facts, when applying for a search warrant is the functional equivalent of furnishing false information to the magistrate." In so holding, we indicated that we could "conceive of no cogent reason why *Franks* should not be extended to challenges to affidavits based on deliberate or reckless omissions of facts which might cause a seemingly straightforward affidavit to mislead the magistrate." *Beaty*, 118 Idaho at 24, 794 P.2d at 295. *See also State v. Jardine*, 118 Idaho 288, 796 P.2d 165 (Ct.App.1990).

Officer Morgan, in the search warrant affidavit, stated that "Val Chapple is known to your affiant as an associate of Jill Olsen," and intimated that this was based on Chapple's own admission. However, he omitted the fact that Chapple had merely indicated that "he knew [Olsen's] face and/or had seen her around." The critical importance of the alleged association between Chapple and Olsen must have been obvious to Morgan. By not fleshing out the basis of his supposed knowledge that Chapple and Olsen were associates, Morgan brought to pass what concerned the *Stanert* court when it stated: "By reporting less than the total story, an affiant can manipulate the inference a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning." *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.1985), *amended*, 769 F.2d 1410 (9th Cir.1985). Accordingly, we agree with Judge Wood's conclusion that Morgan's statement, and his failure to include the basis for his knowledge, was intended to mislead Judge Smith or was presented with reckless disregard for the truth.

In considering whether there was probable cause to support the issuance of a search warrant, we must exclude from our consideration the false or intentionally misleading statements submitted to Judge Smith by Officer Morgan, and review the finding of probable cause upon the remaining evidence. *State v. Schaffer*, 107 Idaho 812, 693 P.2d 458 (Ct.App.1984). Such an exclusion causes the evidence of probable cause to fall like a house of cards.

If we remove Morgan's statement about Chapple's connection to Olsen from the evidence submitted to obtain the search warrant, there is nothing to tie Chapple to Olsen's drug-related activities. Without such a connection, Olsen's conduct does not provide an independent basis for a finding of probable cause and does not provide corroboration for the informant's tip that Chapple was giving away drugs to potential purchasers. Without such corroboration, the total absence of any showing of the informant's basis of knowledge is fatal and requires that the informant's tip not be considered in the determination of probable cause.

Without the informant's tip concerning Chapple's distribution of drugs and the evidence submitted concerning Olsen's drug trafficking activities, the remaining information submitted in support of the request for a search warrant was wholly inadequate to establish a likelihood that evidence of drug transactions would be discovered at Chapple's business. Thus we agree with Judge Wood's conclusion there was not a substantial basis to find probable cause for issuance of the search warrant for Chapple's auto body shop.

■ The state argues, however, that the search should nonetheless be validated under the "good faith" exception established in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon*, the Supreme Court upheld the admissibility of evidence obtained by an invalid warrant if the officer's reliance on the magistrate's probable cause determination and the technical sufficiency of the warrant was objectively reasonable. *Id.* at 922, 104 S.Ct. at 3420. However, the Idaho Supreme Court has addressed the rule expressed in *Leon*, and determined that the "good faith" exception is not applicable when the warrant

is challenged under the Idaho Constitution. *State v. Guzman,* 122 Idaho 981, 842 P.2d 660 (1992). The state argues that the opinion in *Guzman* does not indicate a clear majority of the justices supporting the rejection of the *Leon* rule and should not be regarded as binding authority. We disagree. The Supreme Court recently, in a unanimous decision, firmly recognized its rejection of *Leon* in *Guzman. State v. Josephson,* 123 Idaho 790, 795, 852 P.2d 1387, 1392 (1993).

Further, the Court's rejection of the "good faith" exception is retroactively applicable "to all cases that had not become final when *Guzman* was issued, including those that were in progress in the trial courts." *Id.* Accordingly, in the present case, the evidence obtained under the invalid warrant must be suppressed without regard for the officer's good faith reliance on the warrant.

For the reasons stated herein, we affirm Judge Wood's decision suppressing the evidence obtained pursuant to the execution of the search warrant at Chapple's place of business.

WALTERS, C.J., and SWANSTROM, J. Pro Tem., concur.