84 P.3d 1038

STATE of Idaho, Plaintiff–Respondent,

v.

Patrick STEVENS, Defendant–Appellant.

No. 29057.

Court of Appeals of Idaho.

Feb. 4, 2004.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Patrick Stevens was convicted of possession of methamphetamine with intent to deliver. He appeals the district court's order denying Stevens' motion to suppress evidence and an order determining that Stevens' motorcycle was subject to criminal forfeiture because it was used in the commission of the offense. We affirm the order denying the suppression motion, but we reverse the order of forfeiture of Stevens' motorcycle.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

The facts pertinent to this appeal are derived from the evidence presented on Stevens' suppression motion. For several months prior to Stevens' arrest, the police had been conducting surveillance at a residence where they knew methamphetamine was being sold ("the residence"). They even-

tually used an informant to conduct a controlled buy of methamphetamine from persons at the residence. The same informant told the police that Stevens was dealing in methamphetamine and had been purchasing two or three ounces of it at the residence every two to three days. Investigating officers also knew that Stevens had been the subject of several prior narcotics investigations. As police continued their surveillance of the residence, a few days after the informant described Stevens' activities, the surveilling detective saw Stevens arrive on a motorcycle. The detective could not see the door of the residence because it was located below ground level and the entrance was obscured by a fence, but he did see Stevens go down the steps toward the door. According to the detective, Stevens appeared to be pulling his wallet out of his back pocket as he started down the stairs. After being out of the detective's view for three to five minutes, Stevens reappeared and left on his motorcycle.

Based upon a belief that Stevens had just purchased drugs, the detective followed and then stopped him. The detective informed Stevens that he had been stopped for investigative purposes and asked if Stevens was carrying any weapons or drugs. Stevens admitted that he had in his possession two knives and a vial of methamphetamine, which he handed to the detective. He was arrested for possession of methamphetamine and transported to jail. During a search of his person incident to the arrest, police found more methamphetamine, $936 in cash, and papers that appeared to be ledgers of drug transactions. Based on this evidence, the police obtained a warrant to search Stevens' residence. Additional methamphetamine, paraphernalia, and cash were found in execution of that warrant.

The State charged Stevens with trafficking in 28 grams or more of methamphetamine, Idaho Code § 37-2732B(a)(4)(A), and requested criminal forfeiture of Stevens' motorcycle and $9,098 in cash found during the searches. Stevens moved to suppress the evidence seized from his person and residence and the statements he made to police. The district court denied Stevens' suppres-

sion motion. After a hearing on the forfeiture request, the court ordered forfeiture of both the cash and the motorcycle.

Stevens entered a conditional guilty plea to an amended charge of possessing methamphetamine with the intent to deliver, I.C. § 37-2732(a)(1)(A), reserving the right to appeal the district court's denial of his suppression motion and the forfeiture of his motorcycle. On appeal, Stevens contends that suppression should have been ordered because the officer lacked reasonable suspicion to stop him and because there was no showing of probable cause for the warrant authorizing the search of his home. Stevens also contends that the district court erred in ordering the forfeiture of his motorcycle.

## II.

## ANALYSIS

### A. Reasonable Suspicion for Stop

■ Stevens' initial contention is that the stop of his motorcycle was unjustified because the detective lacked reasonable suspicion that Stevens was involved in illegal activity. A police officer may, without violating constitutional rights, make an investigative stop of an individual if that officer reasonably suspects that the individual is or has been engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968); *State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998); *State v. Zubizareta*, 122 Idaho 823, 828, 839 P.2d 1237, 1242 (Ct.App.1992). Reasonable suspicion is a lesser standard than probable cause but is more than mere speculation or instinct on the part of the officer. *State v. McCarthy*, 133 Idaho 119, 124, 982 P.2d 954, 959 (Ct.App.1999). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop, and the " 'whole picture' must yield a particularized and objective basis for suspecting that the individual being stopped is or has been engaged in wrongdoing." *State v. Sevy*, 129 Idaho 613, 615, 930 P.2d 1358, 1360 (Ct.App.1997). On review of a ruling on a motion to suppress evidence, an appellate court defers to the trial court's findings of fact unless they are clearly erroneous but

exercises free review of the trial court's determination as to whether, on those facts, constitutional standards have been satisfied. *DuValt,* 131 Idaho at 552–53, 961 P.2d at 643–44.

At the time of Stevens' detention, the detective was aware that Stevens had previously been the subject of investigation for illegal drug activity and had just made a brief visit to a residence where a confidential informant had recently made a drug buy. The same informant had told the police that Stevens made drug purchases at that location every two or three days and was selling drugs. Because police were using the informant to make controlled buys, it can be inferred that law enforcement officers considered the informant to be reliable. In addition, the informant's report had been somewhat confirmed by the fact that Stevens had just visited the residence. The detective saw Stevens reaching for his wallet as he approached the door, and Stevens had remained at the residence for a length of time that would have sufficed for conducting a drug transaction. Collectively, this information gave rise to reasonable suspicion that Stevens had made a drug purchase at the residence. The officer's inability to discern whether Stevens actually entered the house is of no consequence, for a drug purchase could have occurred at the threshold. It was therefore permissible for the detective to act on his reasonable suspicion by stopping Stevens for investigative purposes.

## B. Probable Cause for Search Warrant

■ Stevens also contends that even if the traffic stop and the search of his person were legal, evidence found in his house should be suppressed because there was no probable cause for issuance of the search warrant.

■ A search warrant is appropriately issued if there is probable cause to believe that contraband or other evidence of a crime can be found at a particular location. *State v. Josephson,* 123 Idaho 790, 792–93, 852 P.2d 1387, 1389–90 (1993); *State v. Molina,* 125 Idaho 637, 639, 873 P.2d 891, 893 (Ct.App. 1993). The probable cause determination has been described by the United States Supreme Court as "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [the court], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983).

■ An appellate court reviewing whether a lower court properly issued a search warrant examines the information in the warrant affidavit and the recorded testimony in support of the warrant application to determine whether it provided a substantial basis for concluding that probable cause existed. *Molina,* 125 Idaho at 639, 873 P.2d at 893; *State v. Bulgin,* 120 Idaho 878, 881, 820 P.2d 1235, 1238 (Ct.App.1991). Great deference is accorded to the probable cause determination of the court that issued the warrant. *Molina,* 125 Idaho at 639, 873 P.2d at 893; *State v. Chapple,* 124 Idaho 525, 527, 861 P.2d 95, 97 (Ct.App.1993).

■ In the present case, the facts offered in support of the warrant application included not only the information discussed above that justified the vehicle stop, but also the fact that several grams of methamphetamine, over $900 in cash, and documents that appeared to be drug ledgers were found on Stevens. This evidence indicated that Stevens' drug possession at the time of his arrest was not an isolated instance but a part of ongoing drug trade activities. Although this evidence did not point directly to Stevens' home as a repository of other contraband, courts are "entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Whitner,* 219 F.3d 289, 296 (3rd Cir.2000) (quoting *United States v. Angulo–Lopez,* 791 F.2d 1394, 1399 (9th Cir.1986)). Drug dealers typically need a place to store and utilize not only the drugs that they distribute but such items as scales, packaging materials, ledgers and cash. The magistrate considering the warrant application could reasonably infer that such evidence probably would be found at Stevens' home. Numerous courts

have upheld a finding of probable cause for a search warrant in similar circumstances. *See, e.g., United States v. Hodge,* 246 F.3d 301, 305–07 (3rd Cir.2001) (holding magistrate could infer that evidence of drugs or paraphernalia would be located in experienced drug dealer's home); *United States v. Feliz,* 182 F.3d 82, 86–88 (1st Cir.1999) (finding sufficient showing of probable cause for search of drug trafficker's apartment, despite lack of direct evidence linking apartment to trafficking); *United States v. McClellan,* 165 F.3d 535, 546 (7th Cir.1999) (quoting *United States v. Reddrick,* 90 F.3d 1276, 1281 (7th Cir.1996)) (emphasis omitted) (noting that in the investigation of drug dealers evidence is likely to be found in the dealer's home); *United States v. Thomas,* 989 F.2d 1252, 1255 (D.C.Cir.1993) (upholding search of drug dealer's home and noting that "observations of illegal activity occurring away from the suspect's residence, can support a finding of probable cause to issue a search warrant for the residence, if there is a reasonable basis to infer from the nature of the illegal activity observed, that relevant evidence will be found in the residence"); *United States v. Williams,* 974 F.2d 480, 481–82 (4th Cir.1992) (upholding search of known drug dealer's motel room despite lack of direct evidence that room was used in drug activities); *Angulo–Lopez,* 791 F.2d at 1399 (stating "In the case of drug dealers, evidence is likely to be found where the dealers live."). Accordingly, we conclude that there was no error in the finding of probable cause for issuance of the search warrant.

## C. Forfeiture of Stevens' Motorcycle

■ Finally, Stevens contends that the district court erred when it ordered the for-feiture of his motorcycle pursuant to I.C. § 37–2801. That statute provides for the criminal forfeiture of certain property belonging to persons who have been convicted of drug offenses. It specifies that when a person has been adjudicated guilty of a violation of the Uniform Controlled Substances Act, I.C. § 37–2701, *et seq.* (UCSA), that person "shall forfeit to the state of Idaho: ... [a]ny of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation." [1] Stevens argues that the evidence does not show that his motorcycle was used or intended to be used to commit or facilitate the crime for which he was convicted, and therefore forfeiture is not authorized under I.C. § 37–2801.

The district court found that Stevens went to the residence on the date in question for the purpose of obtaining methamphetamine and that his travel to the residence for that purpose was facilitated by his motorcycle. The district court then determined that although "[i]t does not appear that Stevens actually obtained methamphetamine on that date," his intention to do so brought the motorcycle within the class of property subject to forfeiture under I.C. § 37–2801 because the statute covers property "intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation."

■ In reviewing the trial court's decision, we defer to a trial court's factual findings where they are supported by substantial and competent evidence, *State v. Lewis,* 126 Idaho 282, 285, 882 P.2d 449, 452

---

1. Idaho Code § 37–2801 states in part:
   Any person who is found guilty of, who enters a plea of guilty, or who is convicted of a violation of the uniform controlled substances act, chapter 27, title 37, Idaho Code, punishable by imprisonment for more than one (1) year, no matter the form of the judgment or order withholding judgment, shall forfeit to the state of Idaho:
   (1) Any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
   (2) Any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.
   The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to chapter 27, title 37, Idaho Code, that the person forfeit to the state of Idaho all property described in this section. The provisions of this chapter shall not be construed or interpreted in any manner to prevent the state of Idaho, attorney general or the appropriate prosecuting attorney ... if appropriate, from pursuing civil forfeiture pursuant to section 37–2744 and/or section 37–2744A, Idaho Code....

(Ct.App.1994); *Zubizareta,* 122 Idaho at 826, 839 P.2d at 1240, but we exercise free review on questions of statutory construction. *State v. Beard,* 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001); *State v. Evans,* 134 Idaho 560, 563, 6 P.3d 416, 419 (Ct.App.2000). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar,* 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000).

The propriety of the forfeiture of Stevens' motorcycle turns upon the language of section 37–2801(2), which authorizes forfeiture only of property that was used or intended to be used to commit or facilitate "the commission of *such violation.*" In context, the words "such violation" plainly refer to the specific violation of which a defendant has been found guilty. In this respect, section 37–2801(2), which is a *criminal* forfeiture statute, differs significantly from the *civil* forfeiture provision within the UCSA, I.C. § 37–2744. The latter statute authorizes forfeiture of, among other things, "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used or intended for use, to transport, or in any manner to facilitate the transportation, delivery, receipt, possession or concealment, for the purpose of distribution or receipt of" controlled substances that have been possessed or distributed in violation of the UCSA, I.C. § 37–2744(4). Unlike this civil forfeiture statute, section 37–2801(2) limits criminal forfeiture to property that facilitated the crime for which the defendant has been convicted.

In the present case, Stevens was convicted of possessing with intent to deliver the particular methamphetamine found in his clothing and at his home. It was therefore the State's burden to prove that the motorcycle was used to facilitate the possession of *those* drugs. The requisite relationship between the motorcycle and the offense would have been established if the State had proven that at least part of the drugs he was carrying were acquired during his visit to the residence after having driven there on his

motorcycle. The district court found, however, that although Stevens rode his motorcycle to the residence for the purpose of purchasing methamphetamine, the evidence was insufficient to show that he actually made a purchase at that time. On appellate review, a trial court's decision that the burden of proof has not been met is entitled to great weight. *In re Estate of Bogert,* 96 Idaho 522, 526, 531 P.2d 1167, 1171 (1975); *Larkin v. State,* 115 Idaho 72, 74, 764 P.2d 439, 441 (Ct.App.1988). Such a finding will not be set aside unless it is clearly erroneous. *Id.* Here, the district court's finding that the evidence did not establish that any of the drugs were acquired during his visit to the residence is supported by the record and therefore will not be disturbed by this Court.

In its memorandum decision ordering the forfeiture, the district court relied heavily upon federal court decisions holding that even a slight nexus between a vehicle and an actual or attempted acquisition or distribution of drugs will suffice to justify a vehicle forfeiture. In general, however, these federal cases involved civil forfeiture proceedings under 21 U.S.C. § 881, which resembles I.C. § 37–2744(4) in that it does not limit forfeitures to property connected with the specific offense for which a defendant has been convicted. In the present case, the prosecutor elected to proceed with a criminal forfeiture under I.C. § 37–2801(2) rather than a civil forfeiture under I.C. § 37–2744(4), and thereby assumed the more difficult burden to prove a relationship between Stevens' motorcycle and the specific offense of which he was convicted. Had the prosecutor pursued civil forfeiture, the federal cases upon which the district court relied would be persuasive, and the results of this appeal likely would be different.

As the district court found, the evidence presented by the State does not show that Stevens used his motorcycle to acquire the methamphetamine found in his clothing and at his home. The State does not argue to the contrary on appeal. No drugs were found in the motorcycle itself, and there was no evidence that Stevens had previously used the motorcycle to obtain the drugs he possessed when arrested or that he was using his motorcycle to deliver the drugs in his

possession to another. The motorcycle therefore cannot be said to have facilitated the offense for which Stevens was convicted in this case.

We are constrained to hold that the district court erred in granting the State's request for forfeiture of the motorcycle under I.C. § 37–2801.

### III.

### CONCLUSION

The order of the district court denying Stevens' motion for suppression of evidence is affirmed, while the district court's order of forfeiture of Stevens' motorcycle is reversed.

Judge PERRY and Judge GUTIERREZ concur.