**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39462 & 39463**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 498** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: May 21, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TORREY LEE FRIEDRICH,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgments of conviction and sentences for felony driving under the influence and grand theft, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Torrey Lee Friedrich appeals from his judgments of conviction and sentences for felony driving under the influence (DUI) and grand theft. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On December 1, 2010, Friedrich was detained and arrested in his driveway. Friedrich was charged with felony DUI. I.C. §§ 18-8004, 18-8005(6). Friedrich filed a motion to suppress evidence, which the district court denied. As the DUI case (Docket No. 39462) was proceeding, Friedrich was charged with grand theft by possession of stolen property (Docket No. 39463). I.C. §§ 18-2403(4), 18-2407(1). Pursuant to a plea agreement, Friedrich entered guilty pleas to felony DUI and grand theft and additional charges were dismissed. The district court sentenced Friedrich to concurrent unified terms of ten years, with minimum periods of confinement of three

years.  Friedrich appeals, challenging the district court's denial of his motion to suppress in the DUI case and asserting the district court imposed excessive sentences in both cases.

## II.

## ANALYSIS

### A.    Motion to Suppress

Friedrich argues that the district court erred by denying his motion to suppress in the DUI case.  Specifically, Friedrich asserts the arresting officer lacked reasonable suspicion to initiate the warrantless detention of Friedrich and, therefore, violated his rights under both the Idaho and United States Constitutions.

The standard of review of a suppression motion is bifurcated.  When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found.  *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court.  *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).  Although Friedrich contends both constitutions were violated, he provides no reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case.  Therefore, we will rely on judicial interpretation of the Fourth Amendment in our analysis of Friedrich's claims.  *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).  The Fourth Amendment safeguards citizens against unreasonable searches and seizures.  When the purpose of a detention is to investigate a possible traffic offense or other crime, it must be based upon reasonable, articulable suspicion of criminal activity.  *State v. Gutierrez*, 137 Idaho 647, 650, 51 P.3d 461, 464 (Ct. App. 2002).  Reasonable suspicion requires less than probable cause but more than speculation or instinct on the part of the officer.  *State v. McCarthy*, 133 Idaho 119, 124, 982 P.2d 954, 959 (Ct. App. 1999).  The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop, and the whole picture must yield a particularized and objective basis for suspecting that the individual being stopped is or has been engaged in wrongdoing.  *State v. Stevens*, 139 Idaho 670, 672, 84 P.3d 1038, 1040 (Ct. App. 2004); *State v. Sevy*, 129 Idaho 613, 615, 930 P.2d 1358, 1360 (Ct. App. 1997).  An

officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Roe*, 140 Idaho 176, 180, 90 P.3d 926, 930 (Ct. App. 2004).

In this case, the officer who detained and arrested Friedrich testified at the hearing on Friedrich's motion to suppress. The officer explained that, about a week prior to making the arrest, he and another officer attempted to conduct a traffic stop of a vehicle. Because of slick and snowy road conditions, it took the officers some time to turn the patrol car around. By the time the officers caught up to the vehicle they wanted to stop, the vehicle had turned into a subdivision and the driver had parked and departed on foot. The officer testified that he and the other officer followed footprints in the snow for about an hour but were unable to locate the driver of the vehicle. The officer stated that it was discovered the vehicle was registered to Friedrich and a driver's license status check revealed Friedrich's license was suspended. The officer testified that, some time later, he was informed at a unit briefing that a sergeant had a discussion with Friedrich about the suspended license. The sergeant explained that Friedrich informed the sergeant during that discussion that Friedrich was the person who had been driving the vehicle the night the officers attempted to conduct the traffic stop. The sergeant provided Friedrich's address. The officer explained that, thereafter, on December 1, 2010, the officer drove by Friedrich's residence to see if his vehicle was there. Because Friedrich's vehicle was not there, the officer decided to park down the road to watch and see if Friedrich would return. The officer testified as follows:

> [COUNSEL] And did you at any point notice any vehicles that caught your attention after you set up to try to watch for Mr. Friedrich?
> [OFFICER] Yes, I did.
> [COUNSEL] What vehicle--could you describe the vehicle that you saw, and what about the vehicle drew your attention to it?
> [OFFICER] Well, it was coming northbound on Upland from Seneca. As the vehicle was heading northbound, I noticed it fishtailed a couple of times, and then it turned into the driveway that I knew was very close to, if not the driveway, of where [Friedrich] was living.
> [COUNSEL] From your vantage point, could you see what the vehicle itself looked like?
> [OFFICER] From where I was sitting, I was pretty sure it was his, but it was dark out. All I had was the headlights and the turn signal lights.
> [COUNSEL] So not certainly, but did it--not with absolute certainty, you couldn't tell it was his, but--
> [OFFICER] Correct.

[COUNSEL]  --based on your prior knowledge of what his vehicle looked like and the vehicle that you saw at that point driving northbound on Upland, did it appear to match the description of Mr. Friedrich's vehicle?

[OFFICER]  It did appear to, yes.

[COURT]  Okay.  So this is the SUV that was off the side of the road?

[OFFICER]  Yes.

[COURT]  Oh, okay.

[OFFICER]  From the previous week.

[COURT]  Oh, from the previous week.

[OFFICER]  Well, I mean, that's how I knew his vehicle.  That's how I was familiar with his vehicle was from the previous week.

[COURT]  Okay.

[COUNSEL]  So--

[COURT]  So you saw [Friedrich's] car coming up to his place?

[OFFICER]  Yes.

. . . .

[COUNSEL]  Based on your observations of the fishtailing and your belief that he was operating the vehicle without a license, what steps did you take at that time?

[OFFICER]  I pulled up into his driveway behind his vehicle and initiated a traffic stop.

[COUNSEL]  When you initiated the traffic stop, did you make contact with the driver of the vehicle?

[OFFICER]  I did.

[COUNSEL]  And who was the driver of that vehicle?

[OFFICER]  It was [Friedrich].

During cross-examination, the officer testified that he was "pretty sure that it was Mr. Friedrich driving the vehicle," but admitted he was not completely certain the vehicle had pulled into Friedrich's driveway.  The officer also testified that, once he saw the vehicle enter the driveway, the officer pulled out from his parking spot, drove into the driveway behind the vehicle, activated his overhead emergency lights, turned on a spotlight, and recognized and approached Friedrich.  The officer talked to Friedrich about the suspended driver's license while Friedrich was still in his vehicle.  The officer explained that, at that point, he developed concern that Friedrich had been drinking alcohol.  Specifically, the officer could smell a strong odor of an alcoholic beverage and saw a crushed can of beer behind the passenger seat.  Based upon these observations and because of the snowy and slick conditions, the officer escorted Friedrich to jail to conduct standard field sobriety tests, which Friedrich failed.  A subsequent breath test indicated Friedrich's breath alcohol concentration was above the legal limit.

4

Friedrich asserts the officer did not have any information at or before the time the officer initiated the warrantless detention of Friedrich that would give the officer reasonable suspicion to believe the driver of the vehicle was not licensed. Specifically, Friedrich asserts that, because the officer admitted he could not identify the vehicle or the driver with complete certainty until he pulled up to Friedrich's driveway with his emergency lights activated, he could not have reasonably based his decision to detain the driver based on knowledge that the driver had a suspended license. Therefore, Friedrich concludes the warrantless detention was illegal and violated both the Idaho and United States Constitutions. However, as explained above, complete certainty is not what is required. While reasonable suspicion requires more than speculation or instinct on the part of the officer, an officer may draw reasonable inferences from known facts. Here, the officer knew where Friedrich lived and what his vehicle looked like from the encounter with the vehicle the week prior to Friedrich's arrest. The officer also knew from that encounter that Friedrich had been driving that vehicle with a suspended driver's license. While the officer was not completely certain that the vehicle pulled into Friedrich's driveway or was Friedrich's vehicle being driven by Friedrich, given the specific articulable facts in the officer's possession and the totality of the circumstances at the time of the stop, it was reasonable for the officer to draw those inferences. We conclude that, taken together, these objective and specific articulable facts justified the suspicion that Friedrich was engaged in driving with a suspended license. Therefore, the district court did not err by denying Friedrich's motion to suppress evidence in the DUI case.

**B.      Excessive Sentences**

Friedrich argues the sentences imposed by the district court for felony DUI and grand theft were excessive because they were imposed without sufficient consideration of mitigating factors present in this case. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related

5

goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The record in this case reveals Friedrich has an extensive criminal record and history of parole violations. Indeed, in sentencing Friedrich, the district court stated:

Well, Mr. Friedrich, the reality is, you are coming before the court on a fifth felony, and you have multiple misdemeanors on your record, and you have a juvenile record, and so the evidence in this file is--doesn't back up a person that the court should have confidence about.

The evidence in the file is also that you were paroled multiple times, and you violated your parole multiple times. So the evidence--the honest truth is, the evidence is not there to back up what you are saying, that you see things differently.

. . . .

But the evidence is, also, I think, pretty persuasive. You have a history of burglarizing and selling what you steal to buy drugs, and you topped out on your sentence in May of 2010.

You pick up all sorts of misdemeanors in between, and then you pick up these offenses pretty quickly, same kind of offenses you had before. So, I mean, the reality--the truth is, the evidence isn't there.

. . . .

Now, I think that the DUI in this case is certainly part of a longstanding pattern. Clearly, the truth is, if you look at your DUI record, you could say the truth is that you don't know when you have had too much, like lots of people who drink too much, you don't have a clue when you are over the limit, because that's the proof that's there in black and white, based on how many DUIs you have.

As far as the thefts go, you've got a big pattern of that. . . .

. . . .

What I'm going to do in this case--of course, I'm signing an order of restitution. I'm going to impose a sentence in each of these cases of three years fixed, followed by seven years indeterminate, for a ten-year sentence.

I will recommend the Therapeutic Community, because with the credit you've got for time served, I think that would be an option if you were really serious about working on changing directions, because I think this is the better way to get at it.

Having reviewed the record in these cases, we cannot say the district court abused its discretion by sentencing Friedrich to concurrent unified terms of ten years, with minimum periods of confinement of three years.

## III.

## CONCLUSION

The district court did not err by denying Friedrich's motion to suppress evidence in the DUI case and did not err by imposing concurrent unified terms of ten years, with minimum periods of confinement of three years. Accordingly, Friedrich's judgments of conviction and sentences for felony DUI and grand theft are affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**